UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIVA D. BLACK, | No. 2:22-cv-0933 KJM AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SISKIYOU COUNTY JAIL, | |
| Defendant. | |

Plaintiff, a county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.  Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 5. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

////

cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.   Complaint

The complaint alleges violations of plaintiff's constitutional rights by defendant Siskiyou County Jail that have resulted from various policies and practices in place at the jail. ECF No. 1.

Plaintiff appears to claim that the jail's policies and practices have interfered with his access to the courts. Id. at 3-4, 6-19. He alleges that the jail provides insufficient writing materials to indigent prisoners, for which they are billed, and allows only five items of legal research per month, and that legal supplies are provided only if a prisoner has first been designated as "pro per" by the superior court. Id. at 3-4. There is also a custom of interfering with legal mail and not returning grievances that could be used in litigation. Id. at 3-4, 13. Plaintiff asserts that these policies have interfered with his ability to pursue litigation in Black v. Attorney General of California (Black I), No. 2:21-cv-1094 TLN JDP (E.D. Cal), and his access to the state appellate court. Id. at 6-19.

With respect to Black I, plaintiff appears to allege interference with his grievances related to the issues raised in that case, and that he has been provided insufficient writing and research materials to pursue the case. Id. at 6-13, 16-19. As to plaintiff's state appeal, he appears to allege that the jail interfered with this ability to communicate with his court appointed attorney. Id. at 14-16. Plaintiff asserts that after the denial of his appeal of the trial court's determination that he

was incompetent, his attorney sent him a copy of the superior court docket and transcripts but the jail did not deliver them to him for nearly one month. Id. at 15. When plaintiff received the files, they were no longer in their mailing envelopes and appeared to have been looked through. Id. Plaintiff also asserts that an officer told him that counsel had called and asked him to relay to plaintiff that the scope of her appointment was limited and that plaintiff needed to call her, which is exactly what was written on the cover letter accompanying plaintiff's files. Id. at 15-16. Plaintiff subsequently had a call with an associate attorney at his counsel's office who promised to send him 100 sheets of blank paper, which plaintiff never received. Id. at 16. He speculates that the jail either failed to deliver the materials or that he did not actually speak to an attorney and instead spoke to someone impersonating an attorney. Id.

Plaintiff also appears to assert a claim for violation of his right to free exercise of religion. Id. at 4-6, 19-21. He alleges that the jail refuses to identify him as Siva d. Black, his religious name, which is also his actual, legal name, and instead identifies him as Siva Gary Black.[1] Id. The jail refuses to update his booking ID name because it is the jail's policy to book arrestees "under the name they go by 'everywhere,' that are current in 'every database and records department,' that identify with every prior 'felony conviction.'" Id. at 5. However, plaintiff legally changed his name in 2012, and has not used the name "Gary" since 2005. Id. at 19. In March 2013, he was convicted of two felonies under the name Gary Siva Black, and it appears that the charges he is currently facing were brought against him under that name. Id. at 5, 19.

IV.   Failure to State a Claim

A.   Legal Mail

Under federal law, "legal mail" entitled to First Amendment protection is narrowly defined as confidential correspondence between a prisoner and his attorney. See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 2014) ("Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail."). The Ninth Circuit "recognize[s] that prisoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence." Hayes

---

[1] Plaintiff also makes various claims regarding the failure to use his proper name against the superior court and prosecutors, but neither are named as defendants.

4

v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017).  In criminal cases, such correspondence is also protected by the Sixth Amendment.  Mangiaracina v. Penzone, 849 F.3d 1191, 1196 (9th Cir. 2017).  Prison officials may open, but not read, incoming legal mail so long as the inmate is present because "the inmate's presence insures that prison officials will not read the mail."  Wolff v. McDonnell, 418 U.S. 539, 577 (1974).

"[M]unicipalities and other local government units . . . [are] among those persons to whom § 1983 applies."  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  However, "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'"  City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in original) (quoting Monell, 436 U.S. at 694 and Polk County. v. Dodson, 454 U.S. 312, 326 (1981)).  There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."  Id. at 385.

Although mail from plaintiff's appointed attorney falls within the definition of legal mail, the only defendant in this case is the Siskiyou County Jail.  Therefore, in order to state a claim, plaintiff must allege facts showing that the treatment of his mail was the result of a policy or custom within the jail, as opposed to the independent conduct of the officers involved.  Navarro v. Block, 72 F.3d 712, 714 (9th Cir. 1995) ("Proof of random acts or isolated events is insufficient to establish custom." (citation omitted)).  In this case, plaintiff's general allegation that the jail "customarily interferes with legal mail delivery" is insufficient to demonstrate that the conduct at issue was the result of a custom within the jail.  There are insufficient facts to show what form the alleged customary interference took, or that it was so wide-spread as to constitute a custom or practice within the jail.  See City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988) (even without an explicit policy, plaintiff may establish municipal liability upon showing a permanent and well-settled practice by the municipality which gave rise to the alleged constitutional violation); Gillette v. Delmore, 979 F.2d 1342, 1349 (9th Cir. 1992) (custom by be shown by "repeated constitutional violations for which the errant municipal officials were not discharged or reprimanded").

////

B. Access to the Courts

Plaintiff alleges that the jail's policies have violated his right of access to the courts. However, the constitutional right of access to courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." Christopher v. Harbury, 536 U.S. 403, 415 (2002); see also Lewis v. Casey, 518 U.S. 343, 349 (1996) (access to courts claim requires plaintiff to show that the defendant's conduct caused "actual injury"). To state a claim for deprivation of the right of access to courts, a plaintiff must show: (1) the loss of a "nonfrivolous" claim; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Christopher, 536 U.S. at 415.

In this case, plaintiff alleges that the jail's policies related to the provision of legal materials and resources, and its custom of not returning grievances, interfered with his ability to litigate in Black I. However, in recommending dismissal of that action, the magistrate judge explicitly found that plaintiff's claims were frivolous and that "[a]t no point does plaintiff present a cogent, non-frivolous claim." Black I, ECF No. 67 at 3. The findings and recommendations were adopted in full, and the district judge noted that after the findings and recommendations were issued plaintiff filed a fourth amended complaint that was equally deficient. Black I, ECF No. 80. Furthermore, the docket in Black I consists of eighty-five docket entries, all but fifteen of which are filings by plaintiff. Plaintiff has therefore failed to demonstrate that defendant's policies prevented him from pursuing a non-frivolous case.

C. Religious Name

"[A]n inmate has a First Amendment interest in using his religious name, at least in conjunction with his committed name." Malik v. Brown, 71 F.3d 724, 727 (9th Cir. 1995) (citations omitted). However, "an inmate cannot compel a prison to reorganize its filing system to reflect the new name," and in states where inmates are allowed to legally change their names, "prisons are generally required to recognize only legally changed names." Id. (citations omitted).

In this case, plaintiff alleges that the jail has refused to book him under his legal, religious name and requests that the jail be required to identify him as "'Siva d. Black,' without any other

alias or name whatsoever attached to him at the Jail, or other facility within the California Department of Corrections, in any capacity, and regardless of any consideration." ECF No. 1 at 4-6, 23.  It is unclear from the complaint whether plaintiff is alleging that the inclusion of the name "Siva Gary Black" on his files, by itself, violates his rights or whether he is claiming that the jail is preventing him from using the name "Siva d. Black" in conjunction with the name he has been charged under.  This distinction is important because one set of circumstances states a claim for relief while the other does not.  The complaint therefore fails to state a claim based on the use of plaintiff's religious name.

V. Leave to Amend

The complaint does not state any cognizable claims for relief and plaintiff will be given an opportunity to file an amended complaint.  If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an

////

amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     Miscellaneous Relief

Plaintiff has filed a motion requesting an order directing the Napa State Hospital to provide a trust account statement (ECF No. 6) and a motion for temporary restraining order and preliminary injunction in which he seeks an order directing the Siskiyou County Jail to forward his paperwork to the Napa State Hospital (ECF No. 9).  Since the record reflects that plaintiff has since been transferred back to the Siskiyou County Jail (ECF No. 12), the motions are moot and should be denied as such.

Plaintiff has also requested the appointment of counsel.  ECF No. 11.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff seeks appointment of counsel on the grounds that discovery will be complex; he is being held at Napa State Hospital, which has no law library; he will not have adequate legal resources if he is returned to Siskiyou County Jail; and the case is important to address access to legal resources for inmates at the jail.  ECF No. 11 at 2.  Plaintiff is no longer being held at the Napa State Hospital, and the ability of other to access legal resources is irrelevant to plaintiff's ability to proceed without counsel.  With respect to the other circumstances identified by plaintiff,

the complaint has been screened and did not state any claims for relief, any request based on the need for assistance with discovery is therefore premature. With regard to the claim for access to legal resources, this claim is common to most inmates. Finally, because the complaint does not state a claim for relief and plaintiff has not yet filed an amended complaint, the court is unable to determine whether he has any likelihood of success on the merits. For these reasons, plaintiff has not shown the existence of extraordinary circumstances warranting the appointment of counsel.

VII.   Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

Your complaint will not be served because the facts you alleged are not enough to state a claim. Because you are suing the jail only, you must show that the conduct that violated your rights was the product of a policy or custom of the jail. To show a custom, you must allege facts to show what that custom is and that the conduct is so widespread that it is essentially the policy of the jail. To state a claim for access to the courts, you must show that you were prevented from pursuing a non-frivolous case. With respect to your name, the jail is permitted to include any previous names that you have been convicted under in its files and to use the name you have been charged under. However, the jail cannot prevent you from using your legal, religious name in addition to the name you were charged under. You need to include facts explaining whether you have been prevented from using your legal, religious name.

You may amend your complaint to try to fix these problems. Be sure to provide facts that show exactly what each defendant did to violate your rights or to cause a violation of your rights.

If you choose to file a first amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

6. Plaintiff's motion for an order directing the Napa State Hospital to provide a trust account statement (ECF No. 6) is DENIED as moot.

7. Plaintiff's motion for appointment of counsel (ECF No. 11) is DENIED.

IT IS FURTHER RECOMMENDED that plaintiff's motion for temporary restraining order and preliminary injunction (ECF No. 9) be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 27, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE